IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOAQULINN LATHAN | § | |
| v. | § | CIVIL ACTION NO. 6:22cv164 |
| UNITED STATES MARSHAL, EASTERN DISTRICT OF TEXAS | § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

    The Petitioner Joaqulinn Lathan filed this petition for the writ of habeas corpus under 28 U.S.C. §2241 challenging a federal detainer lodged against him. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the General Order Re: Divisional Assignment and Apportionment of Cases Among United States Magistrate Judges for the Eastern District of Texas.

    Petitioner states that he was sentenced to 144 months, later reduced to 96 months, in September of 2014. The sentence was to run concurrently with Petitioner's 20-year state sentence, which he is serving in the Texas Department of Criminal Justice, Correctional Institutions Division. According to Petitioner, his federal sentence is now complete, but the detainer has not been lifted.

    The Government has been ordered to answer and has filed a motion to dismiss. This motion asserts that Petitioner's federal sentence began to run when it was imposed, on July 21, 2015. The sentence has now expired through the application of good conduct time, and the detainer has been lifted. The Government explains that the Bureau of Prisons was not initially notified of Petitioner's amended judgment reducing the sentence from 144 to 96 months. After Petitioner filed his petition, a sentence computation was prepared which showed that the sentence had expired. Consequently, the Government says, the detainer was lifted, and the petition should be denied as moot. The Government attaches a letter from the Department of Justice to the TDCJ Records and Classification

Department dated January 11, 2023, requesting that the detainer be lifted, and a TDCJ time computation sheet dated January 13, 2023 showing that Petitioner has no detainers. (Docket no. 14-1, pp. 48 and 49). Petitioner did not file a response to the motion to dismiss.

A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018), *citing Already, Inc. v. Nike, Inc.*, 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013). Thus, a case is moot if the dispute is no longer embedded in any actual controversy about the plaintiff's particular legal rights. *Yarls*, 905 F.3d at 909; *see Spencer v. Kenma*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (to avoid mootness, the plaintiff's injury must be "likely to be redressed by a favorable judicial decision.")

In this case, the issues presented are no longer live because the relief sought by Petitioner - the lifting of the challenged detainer - has been provided. As a result, his petition is moot.

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for the writ of habeas corpus be dismissed as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 22nd day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE